IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHAWN P. SUTTERFIELD                                                            PLAINTIFF

    v.                                         CIVIL NO. 20-3044

ANDREW M. SAUL, Commissioner
Social Security Administration                                                  DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Shawn P. Sutterfield, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on March 14, 2018, alleging an inability to work since February 11, 2018, due to depression and anxiety; Preiser Disease in both wrists, more severe in the left; severe carpal tunnel; ulnar nerve damage; advanced arthritis in the hands and feet; and high blood pressure. (Tr. 91, 180). An administrative hearing was held on February 27, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 34-88).

By written decision dated September 3, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: left wrist osteoarthritis and scaphoid nonunion advance collapse (SNAC), right wrist chronic scaphoid lunate, bilateral

1

carpal tunnel syndrome, right cubital tunnel syndrome, obesity, hypertension, and a history of left knee sprain. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 21).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, he can occasionally balance, stoop, kneel, crouch, and crawl, he can perform no pushing/pulling with his bilateral upper extremities and can only occasionally handle and finger with his bilateral upper extremities, and he must avoid concentrated exposure to hazards, including no driving as part of work.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform light unskilled work as an usher, a furniture rental consultant, and a counter clerk; and sedentary unskilled work as a call out operator, and a surveillance system monitor. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on May 14, 2020. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc. 2).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

2

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 17th day of March 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE